UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>QUALITY SALES, LLC,<br><br>DEBTOR | CASE NO. 12-20008 (ASD)<br><br>CHAPTER 7 |
| BONNIE C. MANGAN, TRUSTEE,<br><br>PLAINTIFF,<br><br>v.<br><br>CLARK FARMS, INC.<br>d/b/a<br>CLARK FARM AT BUSHY HILL ORCHARD,<br><br>DEFENDANT | ADV. PRO. NO. 13-2048<br><br>RE: ECF NO. 23 |

**BRIEF MEMORANDUM AND ORDER
GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This Memorandum of Decision considers whether the Plaintiff/Trustee in the instant adversary proceeding is entitled to a summary judgment avoiding and recovering monetary transfers by Quality Sales, Inc. (hereinafter, the "Debtor") to Clark Farm d/b/a Clark Farm of Bushy Hill Orchard (hereinafter, the "Defendant") under the Bankruptcy Code as a matter of law. Bonnie C. Mangan (hereinafter, the "Trustee"), the duly-appointed Chapter 7 Trustee in the Debtor's bankruptcy case, commenced the captioned adversary proceeding by the December 19, 2013, filing of a complaint (hereinafter, the "Complaint") against the Defendant to avoid and recover, as a preference under Bankruptcy Code

§§547(b) and 550(a), certain monetary payments made by the Debtor to the Defendant within the 90 days immediately preceding the filing of the Debtor's bankruptcy petition. In its answer to the Complaint, the Defendant asserts three affirmative defenses pursuant to §547(c)(1) (contemporaneous exchange), (2) (ordinary course of business), and (4) (subsequent new value).

Presently before the Court is the Trustee's *Motion for Summary Judgment* (hereinafter, the "Motion"), ECF No. 23, and the Defendant's *Objection to Motion for Summary Judgment* (hereinafter, the "Objection"), ECF No. 26.

For the reasons set forth hereinafter, the Motion is granted.

## II.    JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. §1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(F).

## III.    UNDISPUTED FACTS

It is clear from the files and records of this proceeding including the relevant pleadings and supporting documents that at all relevant times the Debtor was engaged in the business of purchasing, repackaging and selling perishable agricultural commodities. The Defendant operated a farm and, in early 2011, agreed to grow specified varieties of tomatoes and squash (hereinafter, the "Produce"") for sale to the Debtor. Neither the

Debtor nor the Defendant had undertaken any similar arrangement, nor had they previously done business with each other.

A concise statement of each material fact as to which the Trustee contends there is no genuine issue to be tried was set forth in eleven numbered paragraphs in the *Trustee's Local Rule 56(a)1 Statement* (hereinafter, the "Rule 56(a)1 Statement"),[1] ECF No. 25-1, as follows:

1. The Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on January 4, 2012 (hereinafter, the "Petition Date").

2. The Debtor paid $6,000 to the Defendant on October 18, 2011.

3. The Debtor paid $5,688.06 to the Defendant on November 14, 2011.

4. The Debtor paid $4,667 to the Defendant on December 2, 2011.

5. The Debtor received all of the Produce (99 pallets of tomatoes and 99 pallets of squash) from the Defendant no later than September 30, 2011.

6. The Debtor received no other consideration or items of value from the Defendant after September 30, 2011.

7. There was no written contract between the Debtor and the Defendant establishing the terms of their arrangement.

8. The Defendant never generated a timely *invoice* to establish the terms of delivery

---

[1] Local Rule 56(a)1, entitled "Motions for Summary Judgment", applicable to this proceeding by D. Conn. D.CONN. LBR 1001-1(b), states in pertinent part as follows:

> 1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement", which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

3

and payment (emphasis added).

9.   The Debtor never generated a *payment order* to establish the terms of delivery and payment (emphasis added).

10.  The Payments were each made to the Defendant while the Debtor was insolvent

11.  The total value of the October 18, 2011; November 14, 2011; and December 2, 2011 preference period payments is $16,355.06 (heretofore and hereinafter, collectively, the "Payments").

With regard to the facts enumerated above as set forth in the Trustee's Rule 56(a)1 Statement, the Defendant's responsive *Local Rule of Civil Procedure Rule 56(a)(2) (sic) Statement* (hereinafter, the "Rule 56(a)2 Statement"),[2] ECF No. 29, simply states -- "[t]he Defendant *admits the following facts as alleged within the Plaintiff's Local Rule 56(a)(1)(sic) Statement: ¶¶ 1 - 11, inclusive"* (emphasis added). *See* Rule 56(a)2 Statement ("Statements of Admitted Facts").

However, the Defendant's Rule 56(a)2 Statement is confusing at best as, while *admitting all of the facts* set forth in the Trustee's Rule 56(a)1 Statement, the Rule 56(a)2 Statement then numerates nine issues of alleged material facts it asserts to be "disputed". *Id*. ("Statements of Disputed Facts"). However, a number of these facts alleged as

---

[2]   Local Rule 56(a)2, states in pertinent part as follows:

> 2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied.  The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

"disputed" by the Defendant are "admitted" by the Defendant in the same document;[3] and certain others[4] do not create a genuine issue of fact or are not material to either the Trustee's claim or the Defendant's affirmative defenses. None of the facts asserted in the Rule 56(a)2 Statement controvert any fact in the Rule 56(a)1 Statement. Accordingly, the Court determines all material facts set forth in the Rule 56(a)1 Statement as "deemed admitted" in accordance with Local Rule 56(a)1.

### IV.  DISCUSSION

#### A.  *Summary Judgment Standards*

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 56(a) (made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056). "In considering a motion for summary judgment, the court does not decide questions of fact, but determines only whether, after resolving any ambiguities and drawing all reasonable inferences in favor of the nonmovant, a genuine issue exists for trial." *Cadle Co. v. DiFabio* (*In re DiFabio*), 314 B.R. 281, 285 (Bankr. D.Conn. 2004).

#### B.  *Relevant Provisions of §547*

Section 547 provides, in relevant part:

---

[3]  For example, while the Defendant admits to the fact set forth in ¶3, *supra* ("[t]he Debtor paid $5,688.06 to the Defendant [Clark Farm] on November 14, 2011, *see* Rule 56(a)2 Statement (Statements of *Admitted* Facts) (emphasis added) he then submits as "disputed" the identical fact -- "November 14, 2011, the debtor paid $5,688.06 towards the crops grown by Clark Farm", *see* Rule 56(a)2 Statement ("Statement of *Disputed* Facts") (emphasis added). Similarly, he admits ¶¶ 2 & 4, *supra*, *see* Rule 56(a)2 Statement (Statement of Admitted Facts) and then denies those same facts, *see* Rule 56(a)2 Statement ("Statement of Disputed Facts"), ¶¶ 4 & 6.

[4]  The Rule 56(a)2 Statement included, *inter alia*, (a) statements, which the Trustee, in her Reply Brief, accepts as true, that, prior to 2011, the Defendant had no dealings with the Debtor and had not engaged in a similar arrangement to grow produce for another entity; and (b) statements, determined by the Court to be immaterial, *see infra* Part IV.D(ii), that the Defendant and Debtor understood that the Defendant would be paid when the Debtor received payment from its customers.

5

(b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property --

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made--

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if--

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

(c) The trustee may not avoid under this section a transfer--

(1) to the extent that such transfer was--

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was--

(A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or

(B) made according to ordinary business terms;

. . .

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor--

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor;

. . .

(g) For the purposes of this section, the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section, and the creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section.

## C.    *Section 547(b) Applied to the Admitted Facts*

The Trustee, in her Rule 56(a)1 Statement, has set forth sufficient facts, not disputed by the Defendant and therefore deemed admitted for purposes of the Motion, to satisfy each of the elements of §547(b). The Payments were made to the Defendant; the underlying debt was incurred on or before September 30, 2011 and was therefore antecedent to the Payments; the Debtor was insolvent at the time the Payments were made; and the Payments were made within 90 days prior to the filing of the Petition Date. Finally, because the higher priority claims of PACA trust beneficiaries and secured creditors exceed the value of the assets held by the Debtor as of the Petition Date, the Debtor, as a general unsecured creditor would necessarily receive less than the amount of the Payments under the liquidation analysis set forth in §547(b)(5).

In light of the above, the Court finds that the Trustee has established a *prima facie* case to recover the Payments as preferences under §547(b).

## D.    *Affirmative Defenses Under Section 547(c)*

The Defendant has not presented any factual or legal grounds to rebut the Trustee's *prima facie* case, but does assert three affirmative defenses thereto under §547(c). Pursuant to §547(g) the Defendant has the burden of proof as to the elements of an affirmative defense.

### i. Section 547(c)(4)    (Subsequent New Value)

The Defendant contends that the services it provided by growing the Produce constitute new value under §547(c)(4). This argument overlooks the plain language of the statute, which requires that "*after* such transfer, such creditor gave new value to . . . the debtor." 11 U.S.C. §547(c)(4) (emphasis added).

The Defendant provided the Debtor with no goods or services after the Debtor took delivery of the last pallet of produce on September 30, 2011. The Payments were made on or after October 18, 2011. Thus, the Defendant did not provide the Debtor with any new value *after* receiving the transfers at issue, as is required under §547(c)(4).

### ii. Section 547(c)(1)    (Contemporaneous Exchange)

The "contemporaneous exchange" defense of §547(c)(1) requires both that the Payments were intended to be a contemporaneous exchange for new value and that such exchange was in fact contemporaneous. The Defendant argues that, because the underlying agreement was not in writing, testimony is necessary to determine the intent thereof as to the timing of the Payments. However, even if the Defendant were able to establish the necessary intent, the undisputed facts indicate a lapse of 18 days between the *last* transfer of goods or services to the Debtor (September 30, 2011) and the transfer to the Defendant of the *first* of the Payments (October 18, 2011). The Defendant has presented no issues of fact which, if resolved in its favor, would support a finding that any

of the three Payments were in fact substantially contemporaneous with the transfers to the Debtor.

### *iii. Section 547(c)(2)     (Ordinary Course of Business)*

The first requirement of the ordinary course of business defense under §547(c)(2) is the payment of a debt incurred by the Debtor "in the ordinary course of business . . . of the debtor and the transferee."

In its Rule 56(a)2 Statement the Defendant states that prior to the 2011 arrangement, it had no dealings with the Debtor, ¶7, referencing Affidavit of Allen G. Clark (hereinafter, the "Affidavit"), ¶17, and had never entered into any similar business relationship with any other entity. ¶8, Affidavit ¶19. The Trustee argues that, by acknowledging that it had no prior relationship with the Debtor and had not previously engaged in any arrangements whereby it would grow crops from seed provided by another entity, for sale to such entity, the Defendant has conceded that the underlying debt was incurred outside its ordinary course of business.

Several Circuit Courts of Appeal, however, have addressed the issue of whether such a first-time transaction can fall within the §547(c)(2)'s "ordinary course of business" defense to a preference action and held that the defense is not *per se* unavailable for first time transactions, provided certain criteria are satisfied.

> Having held first-time debts eligible for the exception, we now must determine the criteria for deciding when a debt is incurred "in the ordinary course of business," albeit for the first time between the parties. . . .
>
> [W]e hold that to fulfill [§547(c)(2)[5]], a first-time debt must be ordinary in

---

[5] Previously designated as §547(c)(2)(A) (Referring to the requirement that debt be incurred in the ordinary course of business of the debtor and the transferee).

> relation to this debtor's and this creditor's past practices when dealing with other, similarly situated parties. Only if a party has never engaged in similar transactions would we consider more generally whether the debt is similar to what we would expect of similarly situated parties. . . .

*In re Ahaza Systems, Inc.*, 482 F.3d 1118, 1124 -1126 (9th Cir. 2007) (citing *Gosch v. Burns* (*In re Finn*), 909 F.2d 903 (6th Cir. 1990) and *Kleven v. Household Bank F.S.B.*, 334 F.3d 638 (7th Cir. 2003)).

As noted, the Defendant, under §547(g) bears the burden of proof as to each element of an affirmative defense. Here the Defendant has admitted that prior to the relevant transaction by which the debt was incurred, it had never done business with the Debtor, nor had it ever engaged in any similar "custom growing" program. Nor has the debtor presented or proffered any evidence that the relevant debt was incurred in accordance with either (a) the past practices of the Debtor and Defendant in relation to other similarly situated parties or (b) what would be expected of other similarly situated parties.

As the United States Supreme Court has noted:

> [T]he plain language of Rule [56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552 (1986).

In short, in the present proceeding there has been a complete failure of proof

concerning a critical element of the Defendant's ordinary course of business defense under §547(c)(2) on which the Defendant bears the burden of proof, in accordance with which the plain language of Rule 56 mandates the entry of summary judgment.

### V. CONCLUSION AND ORDER

The Court concludes and determines that the Trustee has established each of the essential elements of a preferential transfer pursuant to §547(b) and that the Defendant has not provided sufficient facts which, if true, would establish the requisite elements of any of its affirmative defenses under §547(c)(1), (2), or (4).

Accordingly,

**IT IS HEREBY ORDERED** that the Trustee's *Motion for Summary Judgment*, ECF No. 23, is **GRANTED**, and the Defendant's *Objection to Motion for Summary Judgment*, ECF No. 26, is **OVERRULED**.

Judgment shall simultaneously enter for the Trustee.[6]

Dated: November 11, 2014                                                          BY THE COURT



Albert S. Dabrowski
United States Bankruptcy Judge

---

[6] While prayed for in the Complaint, in the Motion the Trustee has not sought, nor under the circumstances of this transfer, if sought, would the Court award "[d]amages . . . in the amount of the value of the property," prejudgment interest, attorney's fees, or costs. *See* Complaint at 5, ¶¶(b), (c), (d), (e)